[No. 29244-1-II.   Division Two.   June 17, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON RAY CLARK, *Appellant*.

required to undergo psychosexual evaluation, including penile plethysmograph, if he has history of sexual offenses).

*R.A. Lewis* (of *Knapp, O'Dell, Lewis & MacPherson*), for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *Richard A. Melnick, Deputy*, for respondent.

BRIDGEWATER, J. — Jason Ray Clark appeals his three vehicular assault convictions. We agree with our colleagues in *State v. Roggenkamp* and hold that the definition of "reckless," applicable to vehicular assault, "means driving in a rash or heedless manner, indifferent to the consequences." *State v. Roggenkamp*, 115 Wn. App. 927, 942, 64 P.3d 92 (2003). Further, we hold that the unit of prosecution

for vehicular assault is each victim based on: (1) the vehicular assault statute, RCW 46.61.522(1)(a), which punishes "substantial bodily harm to *another*," (emphasis added) and (2) RCW 9.94A.589(1)(a) which states that it is not the "same criminal conduct" to punish a defendant for multiple vehicular assaults where there are multiple victims. We affirm.

In June 2001, Clark drove his car along a Vancouver, Washington street. Although the posted speed limit was 40 miles per hour, estimates of Clark's speed varied between 50 and 90 miles per hour. After rounding a curve, Clark struck a vehicle driven by Deborah Pratt. Pratt and two of Clark's passengers, Heather Schramm and Ashley Schahfer, sustained serious injuries.

The State charged Clark with three counts of vehicular assault under RCW 46.61.522(1)(a). The jury found Clark guilty as charged. At sentencing, the trial court considered Clark's three convictions as separate criminal conduct.

## I. RCW 46.61.522(1)(a)

▮▮▮ The State charged Clark under the reckless manner alternative of the vehicular assault statute, which provides in relevant part: "A person is guilty of vehicular assault if he or she operates or drives any vehicle . . . [i]n a *reckless manner* and causes substantial bodily harm to another." RCW 46.61.522(1)(a) (emphasis added). The vehicular assault statute does not define "reckless." The trial court instructed the jury that to "operate a vehicle in a reckless manner means to drive in a rash or heedless manner, indifferent to the consequences." Clerk's Papers at 17 (instruction defining "reckless manner"); *accord* WPIC 91.03.[1]

Clark argues for the first time on appeal[2] that the trial court should have defined "reckless" in the vehicular as-

---

[1] 11A WASHINGTON PRACTICE: JURY INSTRUCTIONS: CRIMINAL § 91.03, at 167.

[2] The State argues that Clark waived his right to appeal by failing to object to the court's instruction. Generally, the failure to object precludes appellate review

sault statute, RCW 46.61.522(1)(a), as synonymous with the definition in the reckless driving statute, RCW 46.61.500(1): "willful or wanton disregard for the safety of persons or property." Accordingly, he concludes that because the State did not have to prove that mental state beyond a reasonable doubt, his conviction should be reversed. *See, e.g., State v. Byrd*, 125 Wn.2d 707, 713, 887 P.2d 396 (1995) ("The State must prove every essential element of a crime beyond a reasonable doubt for a conviction to be upheld.").

Nevertheless, Division One of this court recently rejected such an argument in *State v. Roggenkamp*:

> The language of the vehicular homicide and vehicular assault statutes, the history of legislative enactments leading to the present vehicular homicide statute, and the judicial construction of these statutes establish that willful or wanton disregard for the safety of persons or property, an element of reckless driving, is not an element of vehicular homicide or vehicular assault.
>
> . . . .
>
> We believe that use of a definition from a different statute to define "reckless" under the vehicular assault statute is incorrect, particularly in light of the established and contrary judicial construction of "reckless." We decline to follow *McAllister, Miller,* and *Hursh.* Rather, we agree with the *Partridge / Bowman* line of cases holding that "reckless" under the vehicular assault and vehicular homicide statutes means driving in a rash or heedless manner, indifferent to the consequences.

*Roggenkamp*, 115 Wn. App. at 936, 942 (footnotes omitted) (citing *State v. Partridge*, 47 Wn.2d 640, 289 P.2d 702 (1955); *State v. Bowman*, 57 Wn.2d 266, 356 P.2d 999 (1960); *State v. McAllister*, 60 Wn. App. 654, 806 P.2d 772

---

of jury instructions. RAP 2.5(a); *State v. Scott*, 110 Wn.2d 682, 685-86, 757 P.2d 492 (1988). A defendant may raise a claimed error for the first time on appeal, however, if it is a "manifest error affecting a constitutional right." RAP 2.5(a)(3). An instructional error that relieved the State of the burden of proving an essential element is a manifest error of constitutional magnitude and may therefore be raised for the first time on appeal. *State v. Stein*, 144 Wn.2d 236, 241, 27 P.3d 184 (2001). Moreover, failing to object to an instruction does not constitute invited error. *State v. Corn*, 95 Wn. App. 41, 56, 975 P.2d 520 (1999).

(1991) (Division Three); *State v. Miller*, 60 Wn. App. 767, 807 P.2d 893 (1991) (Division Three); *State v. Hursh*, 77 Wn. App. 242, 890 P.2d 1066 (Division One), *review denied*, 126 Wn.2d 1025 (1995)).

We find *Roggenkamp* persuasive and adopt it. Consequently, Clark's argument fails.

## II. Unit of Prosecution

■ ■ Clark next contends that his three vehicular assault convictions violate double jeopardy because they arose from a single accident. Double jeopardy protects a defendant from multiple convictions under the same statute if he or she commits only one unit of the crime. *State v. Adel*, 136 Wn.2d 629, 634, 965 P.2d 1072 (1998). Thus, when a defendant is convicted of multiple violations of the same statute, we review the statute to determine what "unit of prosecution" the legislature intended to be a punishable act. *Adel*, 136 Wn.2d at 634. We examine the relevant statute to ascertain what the legislature intended. *Adel*, 136 Wn.2d at 634. Clark argues that the legislature intended that the unit of prosecution for vehicular assault be the accident that causes serious injury, irrespective of the number of people injured.

■ That argument lacks merit. The vehicular assault statute, RCW 46.61.522(1)(a), punishes "substantial bodily harm to *another*." (Emphasis added.) That language indicates that the legislature intended to measure punishment by the number of individuals who were victims, not each accident. Also, under RCW 9.94A.589(1)(a),[3] it is not the "same criminal conduct" to punish a defendant for multiple

---

[3] The statute provides, in relevant part:

[I]f the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. *This definition applies in cases involving vehicular assault* or vehicular homicide *even if the victims occupied the same vehicle.*

RCW 9.94A.589(1)(a) (emphasis added).

vehicular assaults where there are multiple victims, even if multiple victims occupy the same vehicle.[4] The unit of prosecution is clear; there was no double jeopardy violation.

Affirmed.

QUINN-BRINTNALL, A.C.J., and MORGAN, J., concur.

Review granted at 150 Wn.2d 1009 (2003).

---

[4] *State v. Bourne*, 90 Wn. App. 963, 973, 954 P.2d 366 (1998) ("[T]he Legislature has recently provided that multiple counts of vehicular homicide and vehicular assault may be charged where multiple victims occupy the same vehicle.") (citing former RCW 9.94A.400(1)(a) (2000), recodified as RCW 9.94A.589 by LAWS OF 2001, ch. 10, § 6).