**TERMINAL FREEZERS INC., a Washington Corporation, Plaintiff—Appellant,**

v.

**U.S. FIRE INSURANCE, an admitted insurer, Defendant—Appellee.**

**Terminal Freezers Inc, a Washington corporation, Plaintiff—Appellee,**

v.

**U.S. Fire Insurance, an admitted insurer, Defendant— Appellant.**

Nos. 08–35623, 08–35656.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 3, 2009.

Filed Sept. 11, 2009.

Linda L. Foreman, Esquire, Bowers Foreman, PLLC, Kirkland, WA, for Plaintiff–Appellant.

Keith E. Butler, Esquire, Clausen Miller, Irvine, CA, Mark S. Cole, Esquire, Cole Lether Wathen & Leid, Seattle, WA, for Defendant–Appellee.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM *

Terminal Freezers Inc. ("Terminal") appeals the district court's grant of U.S. Fire Insurance's ("U.S. Fire's") motion for summary judgment. We affirm.

"Because federal jurisdiction in this case is based on diversity of citizenship, we apply the substantive law of the state of Washington." *Conrad v. Ace Prop. & Cas. Ins. Co.*, 532 F.3d 1000, 1004 (9th Cir. 2008). Under Washington law, a court considers two questions in determining whether an insurance contract should cover a loss. First, the court asks "which single act or event is the efficient proximate cause of the loss." *McDonald v. State Farm Fire and Cas. Co.*, 119 Wash.2d 724, 837 P.2d 1000, 1004 (1992) (en banc). Second, it determines whether "the efficient proximate cause of the loss is a covered peril." *Id.* The efficient proximate cause, in turn, is the "predominant cause which *[sic]* sets into motion the chain of events producing the loss." *Findlay v. United Pac. Ins. Co.*, 129 Wash.2d 368, 917 P.2d 116, 118 (1996).

Here, the district court correctly concluded that Terminal's faulty workmanship was the efficient proximate cause of the cold storage facility's excessive ice formation, and that faulty workmanship is not a "covered peril" under Terminal's policy with U.S. Fire (the "policy"). This conclusion was based on an expert's undisputed finding that "the excessive ice formation ... [was] the result of a poorly installed vapor retarder," and the policy, which precluded coverage for "loss or damage caused by or resulting from ... [f]aulty, inadequate or defective ... workmanship."

The policy did ensure coverage, however, if faulty workmanship led to a "covered cause of loss." In other words, even though the efficient proximate cause of Terminal's loss was a poorly installed vapor retarder, it could still recover if the policy covered whatever resulted from the faulty retarder-in this case, ice. But there is no relief for Terminal down this road either because the policy specifically ex-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. Benjamin H. Settle, District Judge, Presiding

cludes ice as a covered cause of loss. In response, Terminal argues, relying on the canon of *noscitur a sociis*, that the policy only precludes ice in its "natural" form because the words surrounding "ice" are "natural" elements (rain, snow, sleet, sand, and dust).

Washington courts do not resort to canons of construction when the language of a contract is clear. *Cf. State v. Roggenkamp*, 153 Wash.2d 614, 106 P.3d 196, 199 (2005) ("If the language is unambiguous, a reviewing court is to rely solely on the statutory language."). If a term is undefined, they rely on the term's ordinary meaning, which can often be found in the dictionary. *See, e.g., Kitsap County v. Allstate Ins. Co.*, 136 Wash.2d 567, 964 P.2d 1173, 1177 (1998) ("To determine the ordinary meaning of undefined terms, courts may look to standard English dictionaries."). Ice is undefined in the contract, but as commonly used (and according to the dictionary), is "water reduced to the solid state by cooling...." Webster's Third New International Dictionary 1119 (2002). Terminal seeks recovery for damages caused by ice, and the policy specifically excludes ice as a covered cause of loss. That is the end of the inquiry. We are not at liberty to "modify the insurance contract or create ambiguity" where none exists. *Kitsap County*, 964 P.2d at 1178.

Because we affirm the district court's grant of summary judgment to U.S. Fire on the contract claim, we need not address the question of whether California or Washington law applies.

**AFFIRMED.**