[No. 75889-1.   En Banc.]
Argued June 28, 2005.     Decided August 31, 2006.

DAVID KOENIG, *Respondent*, v. THE CITY OF DES MOINES ET AL., *Petitioners*.

*Linda A. Marousek, City Attorney,* and *David N. Bruce* (of *Savitt & Bruce, L.L.P.*), for petitioners.

*William J. Crittenden* and *Elena L. Garella,* for respondent.

*Douglas B. Klunder* and *Aaron H. Caplan* on behalf of American Civil Liberties Union of Washington, amicus curiae.

*Michael J. Killeen, Eric B. Martin,* and *Michele L. Earl-Hubbard* on behalf of Allied Daily Newspapers of Washington, Inc., and Washington Newspaper Publishers Association, amici curiae.

*Robert M. McKenna, Attorney General,* and *William B. Collins, Senior Assistant,* on behalf of the Office of the Attorney General, amicus curiae.

*Michele L. Earl-Hubbard* on behalf of Evergreen Freedom Foundation and Washington Coalition for Open Government, amici curiae.

*Sara L. Ainsworth* and *Catherine Carroll* on behalf of Northwest Women's Law Center and Washington State Coalition of Sexual Assault Programs, amici curiae.

*Pamela B. Loginsky* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae.

*Robert G. Beaumier, Jr.,* and *Rocco N. Treppiedi* on behalf of Washington State Association of Municipal Attorneys, amicus curiae.

¶1 SANDERS, J. — The issue is whether the city of Des Moines and its police department (collectively, the city) properly withheld the records regarding the sexual molestation of Jane Doe, a minor child, from her father, David

Koenig. The plain and unambiguous language of former RCW 42.17.31901 (1992)[1] exempts from disclosure only the specifically defined information identifying child victims of sexual assault. The details of the underlying crime, including the sexually explicit information redacted by the Court of Appeals, are of legitimate concern to the public and consequently subject to disclosure. We hold Mr. Koenig is entitled to statutory penalties pursuant to former RCW 42.17.340(4) (2005) for each day the records were withheld as well as reasonable attorney fees. Accordingly the Court of Appeals is affirmed in part and reversed in part.

## FACTS AND PROCEDURAL HISTORY

¶2 Jane Doe, Mr. Koenig's daughter, is a child victim of sexual assault. In October 1996, David Koenig requested from the city all records concerning his daughter. The request identified Jane Doe by name and referenced her case number. Citing former RCW 42.17.310 (1996) as authority, the city denied the request, claiming the nondisclosure of the records was essential to law enforcement and that the complainant had requested nondisclosure. Over the next two years Mr. Koenig made several additional written requests for production, each time identifying the documents sought by using Jane Doe's name and case number. The city denied all requests.

¶3 In December 1999, Mr. Koenig sued the city to compel the production of the records. In January 2000, the city filed under a separate cause number a motion seeking an injunction protecting the city's records from production. Mr. Koenig moved to intervene. After reviewing the documents in camera, the court ordered the records be withheld from the public, subject to any future orders made by the trial court presiding over Mr. Koenig's suit.

¶4 In August 2001, the trial court in Mr. Koenig's suit entered a memorandum opinion and order. After in camera review of the records, the trial court redacted the victim's name, address, and relationship to the assailant, and

---

[1] *Repealed by* Laws of 2005, ch. 274, § 429 (effective July 1, 2006).

ordered the redacted records immediately released.[2] The court awarded attorney fees and costs to Mr. Koenig but declined to impose any statutory penalties. Mr. Koenig filed a motion for reconsideration of the decision to deny the penalties. The trial court granted the motion but nonetheless declined to impose any penalties on the city because (1) the earlier injunction bound the city not to disclose the records, (2) Mr. Koenig prevailed only partially on account of the redaction, and (3) because it was a close case involving competing and compelling policy considerations. The city appealed the order to release the redacted records and the award of attorney fees. Mr. Koenig cross-appealed the decision to not award any statutory penalties under former RCW 42.17.340(4).

¶5 The Court of Appeals affirmed the trial court's decision to order the release of the redacted records but also ordered the further redaction of what it termed "sexually explicit descriptive information"[3] to protect Jane Doe's privacy under former RCW 42.17.310(1)(d). The Court of Appeals further held the trial court erred when it declined to award daily penalties against the city but also stated the trial court did have the discretion to reduce the number of penalty days to account for factors such as the timeliness of the suit and the injunction secured by the city.

¶6 The city sought review of (1) whether former RCW 42.17.31901, which protects the identity of child victims of sexual assault, permits disclosure of records where the request identifies a child victim by name; (2) whether the disclosure of records after the redaction of sexually explicit information nonetheless violates the privacy protections of former RCW 42.17.310(1)(d); and (3) whether the daily monetary penalties under former RCW 42.17.340(4) are mandatory when a court orders disclosure of withheld records. Mr. Koenig's answer to the petition for review raised an additional issue: whether the Court of Appeals

---

[2] The trial court did in fact provide Mr. Koenig with the redacted records.

[3] *Koenig v. City of Des Moines*, 123 Wn. App. 285, 302, 95 P.3d 777 (2004), *review granted*, 153 Wn.2d 1023, 110 P.3d 755 (2005).

properly redacted sexually explicit information. We granted review of all four issues.[4] *Koenig v. City of Des Moines*, 153 Wn.2d 1023, 110 P.3d 755 (2005).

## ANALYSIS

¶7 The legislature has made clear the principles governing the construction of the public disclosure act (the act):

> The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. The public records subdivision of this chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy.

Former RCW 42.17.251 (2005).

¶8 Consistent with this legislative directive, we have interpreted the Washington public disclosure act as "a strongly worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). The act's disclosure provisions are to be construed liberally and its exemptions narrowly. Former RCW 42.17.251; *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 251, 884 P.2d 592 (1994) (*PAWS*). The agency must carry the burden of proving the information sought falls within one of the act's exemptions. Former RCW 42.17.340(1) (2005); *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 35, 769 P.2d 283 (1989). Agency determinations are reviewed de novo. Former RCW 42.17-.340(3) (2005). When reviewing agency actions, "[c]ourts

---

[4] The Court of Appeals' (1) denial of Mr. Koenig's motion to dismiss the city's appeal as moot, (2) award of attorney fees to Mr. Koenig, and (3) holding Mr. Koenig failed to demonstrate the trial court abused its discretion in denying his CR 60 motion and his motion to recuse were not assigned error by the parties and are outside the scope of our review. RAP 13.7(b). Furthermore, we do not address Mr. Koenig's arguments regarding the propriety of the injunction secured by the city because it was not appealed within the 30-day window as required by RAP 5.2.

shall take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." Former RCW 42.17.340(3).

A. DISCLOSURE

¶9  Former RCW 42.17.31901, enacted in 1992 to protect the identity of child victims of sexual assault, provides:

> Information revealing the identity of child victims of sexual assault who are under age eighteen is confidential and not subject to public disclosure. Identifying information means the child victim's name, address, location, photograph, and in cases in which the child victim is a relative or stepchild of the alleged perpetrator, identification of the relationship between the child and the alleged perpetrator.

¶10  The city argues former RCW 42.17.31901 bars the disclosure of the records sought by Mr. Koenig because he identified Jane Doe by name in his requests. According to the city, if it released the records in response to such a request, the very act of disclosure would identify Jane Doe as a child victim of sexual assault. Mr. Koenig asserts the statute exempts only the specific facts it defines as "identifying information." The Court of Appeals agreed with Mr. Koenig, concluding "[n]either the plain language of the statute, nor any reasonable interpretation of its terms requires the exemption of entire records simply because a request names a specific child," and declined to "rewrite the statute or construe it in a manner contrary to its unambiguous text." *Koenig*, 123 Wn. App. at 294, 295.

■■ ¶11  When interpreting any statute, our primary objective is to "ascertain and give effect to the intent of the Legislature." *Nat'l Elec. Contractors Ass'n v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999). "In order to determine legislative intent, we begin with the statute's plain language and ordinary meaning." *Id*. Plain language does not require construction. *State v. Thornton*, 119 Wn.2d 578, 580, 835 P.2d 216 (1992).

¶12 Here, former RCW 42.17.31901 prohibits the disclosure of information revealing the identity of child victims of sexual assault, which it defines as the name, address, location, photograph and, in some instances, the relationship between the child and the alleged perpetrator. By its plain language, this provision excludes from disclosure only the information falling within one of the enumerated categories, and not entire records.[5] When the legislature employs different terms in a statute, we presume a different meaning for each term. *State v. Roggenkamp*, 153 Wn.2d 614, 625, 106 P.3d 196 (2005). In addition, as noted by the Court of Appeals, the declaration of intent for former RCW 42.17.31901 indicates the legislature was concerned solely with the disclosure of information identifying child victims of sexual assault.[6]

¶13 The city maintains "the correct response to a public disclosure request for records relating to a specifically-identified child victim of sexual assault is to deny all disclosure, since any disclosure reveals the child's identity."[7] The dissent adopts this rationale, asserting "[t]he city *necessarily discloses* the identity of [the child victim of sexual assault] when the requester asks for the records of a specific individual." Dissent at 193. We disagree.

¶14 As a preliminary matter, it must be noted the dissent does not argue the records sought by Mr. Koenig are exempt from disclosure because they contain identifying information, the disclosure of which is barred by former

---

[5] Where the legislature intended to exempt entire records, it has done so explicitly. *See, e.g.,* RCW 42.17.310(1)(j) (exempting "[*r*]*ecords* which are relevant to a controversy to which an agency is a party" otherwise unavailable under pretrial discovery rules (emphasis added)); former RCW 42.17.310(1)(k) (exempting "[*r*]*ecords,* maps, or other information identifying the location of archeological sites" to prevent looting (emphasis added)); former RCW 42.17.310(1)(q) (exempting "[*r*]*ecords* filed with the utilities and transportation commission or attorney general under RCW 80.04.095" (emphasis added)).

[6] *See* LAWS OF 1992, ch. 188, § 1 ("The legislature further finds that public dissemination of the *child victim's name and other identifying information* is not essential to accurate and necessary release of information to the public concerning the operation of the criminal justice system." (Emphasis added.)).

[7] Suppl. Br. of Pet'r at 6.

RCW 42.17.31901.[8] To the contrary, the dissent implies disclosure would be permitted so long as the subject of the records is not named in the request, even if the requester is later able to deduce the victim's identity. Dissent at 192 -93. Instead, the dissent argues the records sought by Mr. Koenig were properly withheld by the city because his request identified Jane Doe by name. *Id*. In other words, the dissent believes the disclosure hinges not on the content of the records sought by Mr. Koenig, but on the content of *other* documents, in this case the "nature of the request" submitted by Mr. Koenig. *Id*. at 192-93 (emphasis omitted).

¶15 The dissent cites no statutory language or case law to support the notion we may look beyond the four corners of the records at issue to determine whether they were properly withheld. Nor does it provide any authority to support disclosing records to some requesters but not others, depending on how the request is made. Most notably, however, the dissent's approach would do nothing to prevent the disclosure of the records sought by Mr. Koenig. He, or any other member of the public, could simply request these records using the case number or the name of the assailant. Such a request would not be naming a specific individual, and the records would have to be produced after the information specified in former RCW 42.17.31901 was redacted.

¶16 By extending the application of former RCW 42.17.31901 beyond the actual content of the records sought, the dissent's rationale would also place agencies in

---

[8] The dissent does suggest the records sought by Mr. Koenig are exempt in their entirety because the redaction requirement of the act does not apply to former RCW 42.17.31901, relying on our dicta in *PAWS*, 125 Wn.2d at 261 n.8, where we stated " '[t]he 10 exemptions listed in RCW 42.17.312-.31902 are . . . not subject to the redaction requirement of RCW 42.17.310(2).' " Dissent at 192. This reliance is misplaced. As discussed above, the plain language of former RCW 42.17.31901 prohibits the disclosure of identifying information, not entire records. In addition, the 2005 recodification of the act confirms the legislature intended the redaction requirement to apply to former RCW 42.17.31901, which appears in the same section as the other exceptions explicitly enumerated in former RCW 42.17.310(2) in the public records act. Laws of 2005, ch. 274, § 404(1), (5). Finally, the dissent appears to allow disclosure of the records at issue had the request not identified Jane Doe by name. *See* dissent at 193.

an untenable position regarding their obligation to justify the withholding of records. The act mandates any agency response refusing an inspection request "shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." Former RCW 42.17.310(4). Under the dissent's approach, however, an agency would be unable to fulfill its obligation when faced with a request naming a specific individual, since justifying the withholding of records by asserting former RCW 42.17.31901's prohibition on the disclosure of information revealing the identity of child victims of sexual assault would "positively inform" the requester the individual named in the request is indeed a child victim of sexual assault. Related statutory provisions must be harmonized to effectuate a consistent statutory scheme that maintains the integrity of the respective statute. *State v. Chapman*, 140 Wn.2d 436, 448, 998 P.2d 282 (2000). The dissent's interpretation fails this test.

■■ ¶17 We are not oblivious to the prospect of an individual or entity engaging in a "fishing expedition" and speculating about victims' identities in filing public record requests. These hypothetical concerns, however, are properly directed to the legislature and do not absolve us of the responsibility to follow the plain language of the act. Former RCW 42.17.31901 clearly defines the information it exempts from disclosure, and, as the Court of Appeals correctly held, we may not "rewrite [it] or construe it in a manner contrary to its unambiguous text." *Koenig v. City of Des Moines*, 123 Wn. App. 285, 295, 95 P.3d 777 (2004).

B.  REDACTION OF SEXUALLY EXPLICIT INFORMATION

¶18 On appeal, the city argued the records were exempt from disclosure under the privacy protection provision of former RCW 42.17.310(1)(d).[9] Mr. Koenig asserts the Court

---

[9] The statute exempts from disclosure:

Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies

of Appeals erred in ordering the redaction of what it termed "sexually explicit descriptive information" from the records at issue as violating Jane Doe's personal privacy.

¶19 The act provides a person's right to privacy "is invaded or violated only if disclosure of information about the person: (1) [w]ould be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public." Former RCW 42.17.255 (1987). We have previously held that in this context balancing "the individual's privacy interest against the interest of the public in disclosure is not permitted." *Dawson v. Daly*, 120 Wn.2d 782, 795, 845 P.2d 995 (1993) (citing *Brouillet v. Cowles Publ'g Co.*, 114 Wn.2d 788, 798, 791 P.2d 526 (1990)). Interpreting "legitimate" to mean "reasonable," we have also held that where "the public interest in efficient government could be harmed *significantly more* than the public would be served by disclosure," the public concern is not legitimate and disclosure is not warranted. *Dawson*, 120 Wn.2d at 798 (emphasis added).

¶20 Both parties agree the disclosure of the sexually explicit details would be highly offensive to a reasonable person. Therefore, the only question before us is whether the sexually explicit descriptive information is of legitimate concern to the public.

¶21 According to the Court of Appeals, releasing the sexually explicit information would constitute only a "slight benefit" to the public in terms of educating citizens on how such assaults may be prevented and allowing the public to gauge overall effectiveness of law enforcement's performance. *Koenig*, 123 Wn. App. at 300-01. In contrast, the efficient administration of law enforcement would be undermined because disclosure of sexually explicit details would "have a substantially detrimental effect on the reporting, investigation, and prosecution" of sexual assaults on chil-

vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.
Former RCW 42.17.310(1)(d).

dren. *Id.* at 301. The Court of Appeals concluded the balance "tip[ped] against disclosure of the sexually explicit descriptive information," holding such information was not of legitimate concern to the public and should also have been redacted. *Id.* at 301-02.

¶22 When it enacted former RCW 42.17.31901 to protect the identity of child victims of sexual assault, the legislature made specific findings addressing the competing policy considerations discussed by the Court of Appeals:

> The legislature recognizes that the cooperation of child victims of sexual assault and their families is integral to the successful prosecution of sexual assaults against children. The legislature finds that release of information identifying child victims of sexual assault may subject the child to unwanted contacts by the media, public scrutiny and embarrassment, and places the child victim and the victim's family at risk when the assailant is not in custody. Release of information to the press and the public harms the child victim and has a chilling effect on the willingness of child victims and their families to report sexual abuse and to cooperate with the investigation and prosecution of the crime. The legislature further finds that public dissemination of the child victim's name and other identifying information is not essential to *accurate and necessary release of information to the public concerning the operation of the criminal justice system.* Therefore, the legislature intends to assure child victims of sexual assault and their families that the identities and locations of child victims will remain confidential.

LAWS OF 1992, ch. 188, § 1 (emphasis added).

¶23 Former RCW 42.17.31901, which exempts from disclosure information identifying child victims of sexual assault, reflects the balance struck by the legislature between the public's right to scrutinize the operation of the criminal justice system and the protection of victims' privacy. Clearly, the legislature considered the ability to gauge the performance of law enforcement as more than a "slight benefit"[10] to the public, describing it as "necessary."

---

[10] *Koenig*, 123 Wn. App. at 301.

¶24 The Court of Appeals decision was apparently motivated in part by concerns regarding the potential for a requester to both deduce the identity of a victim through a request naming a specific child and to have access to the sexually explicit information contained in such records.[11] We must address these concerns, however, through the prism of the act's "strongly worded mandate for broad disclosure of public records." *Hearst*, 90 Wn.2d at 127. Former RCW 42.17.31901 operates to remove any identifying information from the records disclosed by an agency. Hence, even if such records do contain sexually explicit information potentially deterring victims and their families from cooperating with law enforcement, that effect is negated by the fact these details cannot be connected to a specific victim. This rationale is reflected in former RCW 42.17.31901, which exempts only identifying information.

¶25 The disclosure of public records remains our primary objective even when reconciling competing policy considerations expressed in the act. *Spokane Police Guild*, 112 Wn.2d at 33-34. The fact a requester may potentially connect the details of a crime to a specific victim by referencing sources other than the requested documents does not render the public's interest in information regarding the operation of the criminal justice system illegitimate or unreasonable. To hold otherwise would eviscerate the act's policy of favoring openness and disclosure.

¶26 Mr. Koenig's, and the public's, interest in examining the crime and the city's response is not significantly outweighed by the harm, if any, to the efficient administration of government. Therefore the details of the crime, including the sexually explicit information redacted by the Court of Appeals, are of legitimate concern to the public and must be disclosed.

C. IMPOSITION OF DAILY STATUTORY PENALTIES

¶27 Former RCW 42.17.340(4) provides that in addition to attorney fees and costs, "it shall be within the discretion

---

[11] *See id.*

of the court to award . . . an amount not less than five dollars and not to exceed one hundred dollars for each day" the prevailing party was denied the right to inspect or copy the records at issue. The final question before us is whether the trial court had the discretion to decline to impose the statutory penalty.

¶28 The trial court offered three reasons for not imposing any penalty on the city: first, the city was barred from disclosing the records by the injunction it secured in the King County Superior Court, which prohibited the disclosure; second, Mr. Koenig prevailed only "partially"; and third, it was a "close case, involving two compelling, but conflicting, public policy considerations."[12]

¶29 The Court of Appeals held the trial court erred when it declined to impose the statutory penalties, instructing it to "impose a penalty of at least five dollars per day that the agency wrongfully withheld the records." *Koenig*, 123 Wn. App. at 303-04. However, the Court of Appeals also stated the trial court had the discretion to reduce the number of penalty days "to account for such factors as whether the plaintiff filed suit in a timely manner, and perhaps whether the city did not wrongfully withhold the records during the period that an injunction prohibited the city from disclosing the records." *Id.* (footnote omitted).

¶30 After the Court of Appeals issued its decision, we decided *Yousoufian v. Office of King County Executive*, 152 Wn.2d 421, 98 P.3d 463 (2004), where we held the public disclosure act requires a penalty be imposed for each day a record is withheld, stating that "the only limitation on the number of days comprising the penalty period is the five-year statute of limitations." *Id.* at 437. The holding of *Yousoufian* governs the disposition of this claim. Once the trial court determined Mr. Koenig was entitled to inspect the records, it was required to assess a penalty within the statutory range for each day the records were withheld.

---

[12] Clerk's Papers at 172-73.

## CONCLUSION

¶31 The plain and unambiguous language of former RCW 42.17.31901 exempts from disclosure only the specific identifying information it enumerates. It does not permit the withholding of entire records or the conditioning of disclosure on the content of other documents. We affirm the Court of Appeals in part and hold the trial court properly disclosed the records requested by Mr. Koenig after the redaction of identifying information. We also reverse in part and hold the redaction of sexually explicit details of the crime is not warranted under former RCW 42.17.310(1)(d) and that the trial court lacks discretion under former RCW 42.17.340(4) to reduce the number of days for which to award the daily penalty. The case is remanded to the trial court for imposition of statutory penalties and award of reasonable attorney fees and such further proceedings as are consistent with this opinion.

ALEXANDER, C.J., and MADSEN, OWENS, and J.M. JOHNSON, JJ., concur.

¶32 FAIRHURST, J. (dissenting) — The city of Des Moines properly withheld the public records that David Koenig requested because it would *necessarily have identified a child victim of sexual assault* in violation of former RCW 42.17.31901 (1992)[13] by complying with his request. I would hold that the records were exempt in their entirety and, thus, reverse the Court of Appeals. To hold otherwise would be to swallow entirely the protection that former RCW 42.17.31901 affords to child victims of sexual assault. I dissent.

## I. ANALYSIS

¶33 Our review must begin by clarifying the scope of the main issue before us. At times during briefing at each level

---

[13] *Repealed by* LAWS OF 2005, ch. 274, § 429 (effective July 1, 2006) *and recodified at* RCW 42.56.240(5) (LAWS OF 2005, ch. 274, § 404).

of judicial review, the issue of whether Koenig would have been able to obtain the records at issue by virtue of his parental relationship to the minor victim or through other avenues has been discussed. But the focus of Koenig's suit presently on appeal is whether the records are exempt from or subject to *public disclosure*. "The fact that material may be available in other records is not a reason stated in the act for failure to disclose." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 132, 580 P.2d 246 (1978). Koenig has chosen to litigate only whether the records are exempt from public disclosure requirements. By doing so, he is asking this court to hold that any member of the public who requests the sexual assault file of a child victim by *naming the child* is entitled to receive that specific file. Koenig's relationship with the victim is irrelevant, as "[a]gencies shall not distinguish among persons requesting records, and such persons shall not be required to provide information as to the purpose for the request except to establish whether inspection and copying would violate [any] statute which exempts or prohibits disclosure of specific information or records to certain persons." Former RCW 42.17.270 (1987).[14]

¶34 As the majority itself acknowledges, the legislature passed former RCW 42.17.31901 for the express purpose of " 'assur[ing] child victims of sexual assault and their families that the identities and locations of child victims will remain confidential.' " Majority at 186 (quoting LAWS OF 1992, ch. 188, § 1). It is axiomatic, therefore, that when a public disclosure request is so specific that it asks for police records only with respect to *one named child victim of sexual assault*, the responding agency is prohibited from turning over the requested records to prevent "revealing the identity of child victims of sexual assault." Former RCW 42.17.31901. That is, if the requester asks for the records of one named victim and the agency turns over those records to the requester, then all the redaction in the world cannot possibly prevent the requester from linking the information

---

[14] *Recodified as* RCW 42.56.080 (LAWS OF 2005, ch. 274, § 103) *and amended by* LAWS OF 2005, ch. 274, § 285.

surrounding the sexual assault with the identification of the child victim. Any redaction would be meaningless; it is the *act* of complying with the public records request that identifies an individual as a child victim of sexual assault and links specific—oftentimes graphic or offensive—information contained within a report to one specifically named child.

¶35 Koenig argues that because "identifying information" means "the child victim's name, address, location, photograph," and "relationship between the child and the alleged perpetrator," the city's duty to comply with former RCW 42.17.31901 is limited to redacting such information without regard to the fact that its very compliance with a public disclosure request contradicts that redaction. Resp't/ Cross Appellant's Resp. Br. at 4 (quoting former RCW 42.17.31901). He argues that the rule that courts must read exemptions narrowly requires us to so limit former RCW 42.17.31901. *See* former RCW 42.17.251 (1992)[15] ("The public records subdivision of this chapter shall be liberally construed and its exemptions narrowly construed").

¶36 However, in cases such as the present one, when a requester asks only for the records of one specifically named individual, the very act of complying with the request violates former RCW 42.17.31901 and what the statute prohibits—revealing the identity of child victims of sexual assault who are under age 18. Here, redacting the "identifying information" does nothing to prevent the identification of a specifically named person as a child victim of sexual assault. Further, the redaction requirement found in former RCW 42.17.310(2) (1996)[16] does not apply to former RCW 42.17.31901.[17] *See Progressive Animal Welfare Soc'y*

---

[15] *Recodified as* RCW 42.56.030 (Laws of 2005, ch. 274, § 103) *and amended by* Laws of 2005, ch. 274, § 283.

[16] *Recodified as* 42.56.210(1) (Laws of 2005, ch. 274, § 103) *and reenacted and amended by* Laws of 2005, ch. 274, § 402.

[17] The majority claims that rather than arguing that the records at issue here are exempt from disclosure because they contain identifying information, I am arguing only that they are exempt because the redaction requirement does not

*v. Univ. of Wash.,* 125 Wn.2d 243, 261 n.8, 884 P.2d 592 (1994) ("This requirement applies by its terms only to those exemptions at RCW 42.17.310. The 10 exemptions listed in RCW 42.17.312-.31902 are therefore not subject to the redaction requirement of RCW 42.17.310(2).").[18]

¶37 Koenig also argues that conditioning compliance of a public disclosure request based on the knowledge of the requester is prohibited. But to deny a request as specific as his is not based on the knowledge of the requester but on the *nature of the request.* This is not the same as denying disclosure by reason of the requester's identity or purpose for seeking the records. *See Dawson v. Daly,* 120 Wn.2d 782, 797, 845 P.2d 995 (1993) (prohibiting consideration of "the identity of the requesting party or the purpose of the request" in determining whether a particular record is of legitimate public concern).

¶38 The underlying problem with the majority's holding is that while it acknowledges, as it must, that the overarching purpose of former RCW 42.17.31901 is to protect the identity of child victims of sexual assault *from public disclosure,* it equates requesting records for a specifically named individual to requesting records using a case number or the name of the assailant, as if there is no difference between the two. Majority at 182. By making this

apply to former RCW 42.17.31901. Majority at 183 n.8. The majority misconstrues my position; I am arguing both. The redaction requirement does not apply to requests made under former RCW 42.17.31901. However, *even if* such requests were subject to redaction and the city redacted the identifying information, the city would be disclosing the victim's identity because Koenig named the victim in his request. The majority also claims that when the legislature recodified the public records act in 2005, the section relating to records of child victims of sexual assault became subject to the redaction requirement. Majority at 183 n.8. However, as my argument above demonstrates, that change does not alter my analysis of the circumstances presented here.

[18] The majority claims that my reliance on this statement is misplaced because the plain language of former RCW 42.17.31901 prohibits only disclosure of identifying information, not entire records. Majority at 183 n.8. However, the text of former RCW 42.17.31901 clearly prohibits the city from providing "information revealing the identity of" the victim. Even if the city removed information from the records that revealed the victim's identity, the fact remains that Koenig already knew the victim's identity because he named the victim in his request. Thus, the only way the city could avoid revealing the victim's identity was to withhold the record.

specific comparison, the majority demonstrates its fundamental misunderstanding of the issue.

¶39 If a person makes a public records request using the case number or name of the assailant but does not specifically name an individual as the subject of the records sought and the requester nonetheless deduces the identity of the individual who is the subject of such records, *the city* does not reveal the individual's identity. In contrast, when a requester asks for Jane Doe's sexual assault records, the city, by disclosing such records, *positively informs* the requester that Jane Doe is a child victim of sexual assault and the subject of the produced records. Although the majority emphasizes the fact that a requester could deduce the subject's identity by employing a variety of methods, *the city* violates former RCW 42.17.31901 only if it discloses the identity of the individual. The city *necessarily discloses* the identity of the individual when the requester asks for the records of a specific individual.

¶40 Even the Court of Appeals recognized the logic of this argument—that when a request specifically identifies the individual about whom records are sought, the entire record should be exempt because to disclose the record with identifying information blacked out would be meaningless protection in light of the nature of the request. *Koenig v. City of Des Moines*, 123 Wn. App. 285, 95 P.3d 777 (2004). However, that court erroneously held that the plain language of the statute exempted "specifically defined information from disclosure, and nothing more" because it failed to consider how absurd and unreasonable the results would be. *Id.* at 294. Similarly, the majority claims we must seek support from statutory language or case law to "look beyond the four corners of the records at issue to determine if they were properly withheld." Majority at 183. However, simple common sense will suffice to determine that the majority's application of the statute will lead to absurd results. "Unlikely, absurd or strained consequences resulting from a literal reading [of a statute] should be avoided." *State v. McDougal*, 120 Wn.2d 334, 350, 841 P.2d 1232 (1992).

¶41 Under the majority's ruling, any person or entity (including a newspaper) may simply walk into an agency and request "any information you have where [insert name of person] was a victim of sexual assault when she was under 18 years of age," and the agency would be required to turn over such records, redacting only the victim's name and other "identifying information," knowing full well that the redaction accomplishes nothing because by fulfilling the request the disclosing agency has positively identified the named person as a child victim of sexual assault.

## II. CONCLUSION

¶42 I would reverse the Court of Appeals and hold that the public records at issue were exempt from disclosure pursuant to former RCW 42.17.31901.

C. JOHNSON, BRIDGE, and CHAMBERS, JJ., concur with FAIRHURST, J.