IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35034-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TRAVIS LEE PADGETT, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Travis Padgett appeals trial court orders denying his motion to compel production of his client file and discovery materials, and motion for reconsideration. Because Mr. Padgett is entitled to at least limited portions of his requested materials, we reverse the trial court's orders and remand for further proceedings.

FACTS

In 2014, Travis Padgett was convicted of several felony offenses. *State v. Padgett*, No. 32927-5-III (Wash. Ct. App. Mar. 2, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/329275_unp.pdf. In November 2016, during the pendency of his direct appeal, Mr. Padgett filed a motion to compel production of his client file and discovery materials, declaration with exhibits in support of the motion,

proposed order, and notice of hearing.  Clerk's Papers (CP) at 26-54.  Mr. Padgett

explained his motion was made pro se and did not involve the issues raised by his

appellate counsel on direct appeal.  In the declaration accompanying his motion, Mr.

Padgett explained he wanted his client file and the discovery materials in order to "perfect

a Personal Restraint Petition."  CP at 35.  Mr. Padgett acknowledged in both the motion

and the accompanying declaration that redactions would likely be made to both files, so

he requested a privilege log explaining why any information was withheld or redacted.

The trial court held a hearing on Mr. Padgett's motion on December 2, 2016.  The

motion and related pleadings had been served on counsel who had represented Mr.

Padgett at trial and sentencing, along with the prosecutor.  Trial counsel and the

prosecutor appeared at the hearing.  The attorney who represented Mr. Padgett at

sentencing did not appear.  Nor was Mr. Padgett transported from custody to participate

in the hearing.  Trial counsel expressed reluctance at being involved in the hearing and

did not offer any argument on Mr. Padgett's behalf.  The prosecutor opposed the motion

citing procedural issues and an interest in limiting Mr. Padgett's access to sensitive

information in the discovery file.

The trial court denied Mr. Padgett's motion because: (1) it was not brought by

appellate counsel, who had no notice of the motion, (2) any issues Mr. Padgett wanted

to raise were already being addressed by the Court of Appeals in the direct appeal, and

(3) Mr. Padgett did not specify what the requested files were needed for. The trial court

left open the possibility that Mr. Padgett could renew the motion provided he give

appropriate notice to his appellate counsel and specify why he wants his client file and the

discovery. Mr. Padgett's motion for reconsideration was also denied. This court

accepted review of the case.

## ANALYSIS

Whether a criminal defendant is entitled to copies of his or her case file or

discovery materials is governed by CrR 4.7(h)(3) and RPC 1.16(d). The proper

construction of these two provisions is a legal matter that we review de novo. *State v.*

*Roggenkamp*, 153 Wn.2d 614, 621, 106 P.3d 196 (2005).

Under the rules of criminal procedure, defense counsel is authorized to provide

discovery materials to a defendant "after making appropriate redactions which are

approved by the prosecuting authority or order of the court." CrR 4.7(h)(3). The

professional conduct rules go further and *require* defense counsel to "surrender papers

and property to which the client is entitled" upon termination of representation unless

retention is "permitted by other law." RPC 1.16(d). The Washington State Bar

Association (WSBA) has issued an ethics advisory opinion interpreting RPC 1.16(d) to

mean that "unless there is an express agreement to the contrary, the file generated in the course of representation, with limited exceptions, must be turned over to the client at the client's request" at the conclusion of representation. WSBA Rules of Prof'l Conduct Comm., *Advisory Op. 181* (rev. 2009).

Under the combined force of CrR 4.7(h)(3) and RPC 1.16(d), some sort of disclosure must be made when a criminal defendant requests copies of his or her client file and relevant discovery at the conclusion of representation. Similar to a public records request, no showing of need is required for disclosure.

While CrR 4.7(h)(3) and RPC 1.16(d) require disclosure, they do not entitle a defendant to unlimited access to an attorney's file or discovery. Counsel may withhold materials if doing so would not prejudice the client. *WSBA Advisory Op. 181* ("Examples of papers the withholding of which would not prejudice the client would be drafts of papers, duplicate copies, photocopies of research material, and lawyers' personal notes containing subjective impressions such as comments about identifiable persons."). In addition, materials may be redacted as approved by the prosecuting attorney or court order, in order to protect against dissemination of sensitive or confidential information. *See* CrR 4.7(h)(3). A protective order may also be entered, if appropriate. CrR 4.7(h)(4).

Given the foregoing rules, the trial court was obliged to grant Mr. Padgett's motion for disclosure of his client file and discovery materials, subject to nonprejudicial withholdings under RPC 1.16(d) and redactions under CrR 4.7(h)(3). Because Mr. Padgett filed his motion pro se, as part of his investigation of a possible personal restraint petition (PRP), he need not have involved appellate counsel in his request. Unlike a direct appeal, there is no constitutional right to counsel with respect to a PRP. *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 143, 196 P.3d 672 (2008). A convicted person seeking to file a PRP need not wait until the conclusion of a direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Accordingly, because Mr. Padgett sought his trial counsel's file, not that of appellate counsel, there was no need for Mr. Padgett's appellate counsel to be involved in his request for the client file.

It is worth noting that although CrR 4.7(h)(3) and RPC 1.16(d) require disclosure without a showing of need, the ends of justice are best served by timely disclosure of a client file to an individual investigating the possibility of postconviction relief through a PRP. A PRP is a defendant's avenue for presenting facts and materials outside the record on direct appeal. *McFarland*, 127 Wn.2d at 335. If a defendant is denied access to his client file and related discovery materials, he will be deprived of a critical resource for completing a viable PRP. By summarily denying Mr. Padgett's motion in full, the trial

No. 35034-7-III
*State v. Padgett*

court prevented Mr. Padgett from accessing the type of information that he may need to complete his PRP. Corrective action is warranted.

CONCLUSION

The trial court's orders denying Mr. Padgett's motion for copies of his client file and discovery materials are reversed.[1] This matter is remanded for further proceedings. On remand, trial counsel, the prosecutor, and the trial court may take precautions and redact and withhold information as needed to protect the victims of Mr. Padgett's offenses, provided these measures do not prejudice Mr. Padgett. As he is the prevailing party on review, no action is necessary on Mr. Padgett's motion to deny appellate costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

---

[1] Mr. Padgett also filed a statement of additional grounds for review. The arguments therein are duplicative of the arguments raised by appellate counsel.