**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| JUSTIN BLOCH, | ) | No. 79512-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| KATHLEEN BLOCH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Kate Bloch appeals the trial court's order denying attorney fees in her dispute against her former husband, Justin Bloch.[1]  Kate contends that the trial court erred in declining to award her attorney fees for successfully defending against Justin's statutory waste claim under RCW 64.12.020.  We agree and remand to the trial court to award Kate her costs and attorney fees.

I.

Kate and Justin were married in 1997, but their marriage was dissolved in 2000.[2] Prior to their marriage, Justin purchased his home at 1555 Broadway East in Seattle.

---

[1] We refer to the parties by their first names in order to avoid confusion.  We also use "Kate" instead of "Kathleen" because that is the name used by her counsel in briefs before this court.  No disrespect is intended.

[2] The facts are derived from the trial court's unchallenged findings of fact.

Citations and pin cites are based on the Westlaw online version of the cited material.

The house was awarded to Justin in the dissolution. The house is 7,000 to 8,000 square feet and had been featured in magazines such as Seattle Homes & Lifestyle for its unique architecture and design.

After living apart from Justin for several years following their dissolution, Kate moved into the home in the fall of 2012. Kate remained in the home continuously until January 2016. Kate and Justin did not live and interact like a married couple. Justin intermittently asked Kate to move out of the home. While it is unclear whether he expressed this desire prior to the end of 2015, by the beginning of 2016 Justin clearly and consistently expressed his desire that Kate move out. Kate moved to Idaho from January 4, 2016, until May 13, 2016.

At some point after 2005, the home deteriorated from its original state. In 2012, Justin began using methamphetamine daily for several years in or near the home. As a result of Justin's daily methamphetamine use, the interior surfaces of the home and the furniture, furnishing, appliances, and personal effects inside were contaminated with methamphetamine residue. Experts at trial testified that items contaminated by methamphetamine must be discarded because decontamination is near impossible. Further, wood tends to be porous and is hard to decontaminate and there was wood throughout the entire home.

From January 4, 2016, to May 13, 2016, Justin lived in the home, while Kate lived in Idaho. During this time, many people came and went from the home at all times of the day and night. Michelle Wheeler, a friend of Justin's, appeared to both reside in and deal drugs from the home. Another friend of Justin's, Steven Morris-Ridge, also lived in the home for some time during this period.

-2-

Kate moved back into the home in May 2016, and lived there until June 29, 2017. During this time, she attempted to repair and make aesthetic improvements to the home, including repairing the exterior stucco. While done with the intention of mitigating damage, Kate's efforts further damaged the home. Justin also significantly damaged the home.

Justin filed an unlawful detainer action in June 2017 and Kate moved out at the end of June. After Kate filed her answer and affirmative defenses, Justin converted his action to one for damages.

Justin pursued five causes of action against Kate at trial: (1) breach of contract for failure to pay rent between May 20, 2017, and June 29, 2017, (2) unjust enrichment for occupying the home from May 7, 2014, until May 20, 2017, (3) statutory waste under RCW 64.12.020 for damage while Kate was a tenant,[3] (4) statutory waste under RCW 4.24.630 for damage while Kate was a trespasser,[4] and (5) conversion for taking or

---

[3] RCW 64.12.020 addresses waste by a guardian or tenant:

If a guardian, tenant in severalty or in common, for life or for years, or by sufferance, or at will, or a subtenant, of real property commit waste thereon, any person injured thereby may maintain an action at law for damages therefor against such guardian or tenant or subtenant; in which action, if the plaintiff prevails, there shall be judgment for treble damages, or for fifty dollars, whichever is greater, and the court, in addition may decree forfeiture of the estate of the party committing or permitting the waste, and of eviction from the property. The judgment, in any event, shall include as part of the costs of the prevailing party, a reasonable attorney's fee to be fixed by the court. But judgment of forfeiture and eviction shall only be given in favor of the person entitled to the reversion against the tenant in possession, when the injury to the estate in reversion is determined in the action to be equal to the value of the tenant's estate or unexpired term, or to have been done or suffered in malice.

[4] RCW 4.24.630 addresses liability for damage to land and property by a trespasser:

(1) Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. For purposes of this section, a person acts

damaging personal property, including Justin's 1991 Lotus X180R.  Kate raised three counterclaims against Justin: (1) breach of contract for failure to make payments to Kate under a separation contract, (2) unjust enrichment for Kate's labor and expenses in maintaining and repairing the home, and (3) conversion for selling a massage chair that Justin gifted her.

After a bench trial, the trial court entered findings of fact and conclusions of law on November 28, 2018.  The court found that Kate was a tenant at will from September 2012 until January 2016.  The court concluded that there was no rental agreement for that period, therefore Justin failed to prove his claim for rent under an unjust enrichment theory.  The court also concluded that Kate was not responsible for damage and disrepair to the home during that time period.

For the period from May 13, 2016, through June 29, 2017, the trial court found that Kate had no right to be in the home and lived there continuously and without permission.  The court found that Kate was liable for damages to the home during that period under an intentional trespass theory for $4,115.  The court trebled these damages under RCW 4.24.630 to $12,345.  The court also found that Kate was unjustly enriched during that period at the rate of $1,000 per month for rent, totaling $13,548 for Justin's unjust enrichment claim.  The total judgment against Kate to Justin was

---

"wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act. Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.

$25,893. The court concluded that Justin was the prevailing party and awarded attorney fees to the extent there was a statutory, contractual, or equitable basis.

Kate moved for reconsideration, asking the court to "clarify who is the prevailing party for the two statutory claims that authorize award of attorney fees and costs, versus award of statutory costs for the case as a whole" and to find that RCW 4.24.630 did not authorize an attorney fee award in favor of Justin. Kate argued that the "prevailing party" can "differ between (a) award of statutory costs under RCW 4.84.030 to the prevailing party in an action as a whole, and (b) award of reasonable attorney fees and costs under statutes relating only to specific causes of action, such as RCW 64.12.020 and RCW 4.24.630" and the court erred because it only awarded fees in the action as a whole.

The court granted in part and denied in part Kate's motion for reconsideration. The court concluded that Justin failed to prove waste under RCW 64.12.020. The court also struck the award to Justin for waste under RCW 4.24.630 finding that:

> From May 13, 2016 through June 29, 2017, most of Ms. Bloch's attempts to repair the [h]ome constituted mitigation. Ms. Bloch's efforts to repair and maintain the home, even though they caused some minor damage described in Mr. Showalter's testimony, were not "wrongful" within the meaning of RCW 4.24.630. The damage was not intentional or unreasonable. Consequently, Mr. Bloch has no right to relief under RCW 4.24.630.

After the trial court's order on reconsideration, the only remaining award in Justin's favor was $13,548 for unpaid rent. The order granting reconsideration explained that "[a]s both parties have prevailed on major claims, neither party is the substantially prevailing party pursuant to RCW 4.84.010. Consequently, the Court is not awarding attorney's fees for either party."

Kate appeals the denial of attorney fees.

II.

Kate seeks reversal of the trial court's conclusion of law on reconsideration that both parties prevailed on major claims, therefore neither was a prevailing party under RCW 4.84.010. She argues that because she prevailed in defending against Justin's claims for statutory waste under RCW 64.12.030, that she is entitled to fees under that statute.[5] We agree.

"Whether a party is entitled to an award of attorney fees is a question of law and is reviewed on appeal de novo." Durland v. San Juan County, 182 Wn.2d 55, 76, 340 P.3d 191 (2014). In general, attorney fees are not available as a cost of litigation unless authorized by contract, statute, or recognized ground of equity. Durland, 182 Wn.2d at 76.

A.

RCW 64.12.020 allows a landlord to recover damages for waste caused by his or her tenant.

> If a guardian, tenant in severalty or in common, for life or for years, or by sufferance, or at will, or a subtenant, of real property commit waste thereon, any person injured thereby may maintain an action at law for damages therefor against such guardian or tenant or subtenant; in which action, if the plaintiff prevails, there shall be judgment for treble damages, or for fifty dollars, whichever is greater, and the court, in addition may decree forfeiture of the estate of the party committing or permitting the waste, and of eviction from the property. The judgment, in any event, shall include as part of the costs of the prevailing party, a reasonable attorney's fee to be fixed by the court.

---

[5] In her opening brief before this court, Kate argued that she should be entitled to attorney fees under either RCW 4.23.630 and RCW 64.12.030 because she prevailed in defending against both of Justin's statutory waste claims. In her reply, however, she concedes that RCW 4.24.630 is a "one-way" statute that only awards fees to a successful plaintiff.

RCW 64.12.020 (emphasis added).[6]

Kate contends that as the prevailing party, she is entitled to her reasonable attorney fees in defending against Justin's claims under RCW 64.12.020. Justin contends that RCW 64.12.020 cannot provide attorney fees to a defendant because only a plaintiff can receive a judgment for waste against a defendant and not vice versa. The plain language of the statute supports Kate's argument.

We look first to the plain language of a statute. If the language is unambiguous, we rely solely on the statutory language. State v. Roggenkamp, 153 Wn.2d 614, 621, 106 P.3d 196 (2005). While the statute provides treble damages to the plaintiff if they prevail on their claim for damages, it also provides that "the judgement, in any event, shall include as part of the costs of the prevailing party, a reasonable attorney's fee to be fixed by the court." RCW 64.12.020 (emphasis added). The statute uses "plaintiff" when describing damages, but uses "prevailing party" when describing the costs and attorney fees. The change from plaintiff to prevailing party indicates that the prevailing party may be the defendant. "When the legislature uses different words within the same statute, we recognize that a different meaning is intended." State v. Beaver, 148 Wn.2d 338, 343, 60 P.3d 586 (2002).

Kate was the prevailing party under RCW 64.12.020 after the trial court's order on reconsideration. The trial court revised its judgment on reconsideration and clarified that Justin failed to prove waste under RCW 64.12.020. Kate successfully defended against Justin's waste claim. Therefore, Kate is the prevailing party. The award of fees under RCW 64.12.020 is mandatory. We conclude that the trial court erred when it did

---

[6] Chapter 64 does not define prevailing party.

not award attorney fees to Kate under RCW 64.12.020 as the prevailing party against Justin's claims for statutory waste.

B.

Justin contends that Kate did not prevail on the waste claim under RCW 64.12.020 because she was unable to prove that she was a tenant during the period Justin alleged damages. Justin contends that he alleged Kate caused damage between June 2016 and June 2017, and the court found that Kate was a tenant at will from September 2012 to January 2016. Therefore, he argues, Kate cannot recover attorney fees under RCW 64.12.020.

The argument is not persuasive. Justin alleged waste under RCW 64.12.020, requiring Kate to defend against the claim regardless of the alleged timeframe. Furthermore, Justin did not allege specific dates for when he believed Kate was a tenant versus a trespasser in his complaint.

III.

Kate requests an award for attorney fees on appeal under RCW 64.12.020. "Where a statute allows an award of attorney fees to the prevailing party at trial, the appellate court has inherent authority to make such an award on appeal." Standing Rock Homeowners Ass'n v. Misich, 106 Wn. App. 231, 247, 23 P.3d 520 (2001). Kate prevailed on appeal; therefore, we award her reasonable attorney fees.

We reverse and remand to the trial court to enter an award of costs and attorney fees for the portion of time spent by Kate defending against Justin's waste claim under RCW 64.12.020.

_Mann, C.J._

WE CONCUR:

_Vcrellen, J_

_Appelwick, J._